# IN THE COURT OF APPEALS OF IOWA

No. 23-1266
Filed November 8, 2023

**IN THE INTEREST OF C.C. Jr.,**
**Minor Child,**

**B.W., Mother,**
　　Appellant.
_____

Appeal from the Iowa District Court for Mills County, Scott Strait, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Maura C. Goaley, Council Bluffs, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Eric A. Checketts of Checketts Law, PLC, Glenwood, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., Buller, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**GAMBLE, Senior Judge.**

A mother appeals the termination of her parental rights to her child.[1]  She challenges the statutory grounds for termination, argues termination is not in the child's best interests, and asserts the juvenile court should have applied a permissive exception to avoid termination of her parental rights.  We affirm.

We review termination proceedings de novo.  *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020).  "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination.  Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citation omitted).

We generally use a three-step analysis to review the termination of a parent's rights.  *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).  We consider: (1) whether grounds for termination have been established, (2) whether termination is in the child's best interests, and (3) whether we should exercise any of the permissive exceptions to termination.  *Id.* at 472–73.

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(e), (h), and (*l*) (2023).  The mother challenges all three grounds.  However, when the juvenile court terminates under multiple statutory grounds, we may affirm on any ground supported by the record.  *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).  We choose to address paragraph (h).

---

[1] The court also terminated the biological father's parental rights.  He does not appeal.

Section 232.116(1)(h) authorizes the court to terminate parental rights when it finds:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance [(CINA)] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother challenges only the fourth element, asserting she "alleviated the issues that led to adjudication," "has a suitable home[,] and was ready, willing, and able to welcome the child." The mother argues she has maintained contact with the child and maintained an important parental role with him. She and the child are bonded. Her home is clean, has no obvious safety issues, is appropriately furnished, and has utilities and food. She has maintained employment.

However, the mother's failure to successfully address her substance abuse and maintain sobriety raises serious concern about her ability to adequately care for the child. Following our review of the record, we agree with the juvenile court that the child could not be returned to the mother's custody because she has not fixed the issue leading to adjudication.

Aside from a four-month period in the second half of 2021, the family has been involved with the Iowa Department of Health and Human Services since the child's birth in summer 2020. The first CINA proceedings began after the child tested positive for methamphetamine at birth and concluded after the mother successfully completed substance-abuse treatment. In November 2021, the

department received a report the mother was actively using methamphetamine in the home, and the child was removed. The mother later admitted she used almost daily after relapsing in October.

The mother cycled in and out of treatment, and each time she relapsed soon after leaving treatment. In May 2022, the child was placed in a trial home visit with the mother at her treatment facility. She completed treatment in June, but she relapsed and tested positive for methamphetamine in July. The child was removed again and placed with the foster parents.

The mother was not consistent in complying with her random drug tests and, in December 2022, she was discharged from treatment for nonattendance. In May 2023, the mother's ex-boyfriend—and previous purported father of the child—filed a motion with the court alleging the mother was using methamphetamine daily, including while caring for one of her older children. The mother was still testing positive for methamphetamine and, at the July termination trial, admitted to using methamphetamine the month before. She was participating in an outpatient program, but a progress report noted her "sporadic attendance," "positive drug screens" despite verbalizing the consequences of drug use, and "deceptive behaviors."

From this record, we conclude the mother has not adequately addressed the safety concerns stemming from methamphetamine abuse that led to the department's involvement. The mother has struggled to apply what she learns in treatment and has not demonstrated an ability to sustain sobriety in the community, with her last admitted use the month before trial. We find the child could not be

returned to the mother, and the State established this ground for termination of her parental rights by clear and convincing evidence.

Next, we consider whether termination is in the child's best interests. When making a best-interest determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). In considering the child's best interests, the juvenile court noted the child's multiple placements moving between the foster parents and the mother, and opined the child "needs and deserves permanency in his young life." In the child's short life, the mother has twice completed treatment and regained care of him after a removal, and each time she relapsed soon after and the child was moved back to the foster family. The child is integrated into the foster family, and they have provided the child with a safe, stable home for more than half the child's life. *See* Iowa Code § 232.116(2)(b) (including the child's integration into a foster family as a relevant factor in a best-interests analysis). We find termination of the mother's parental rights is in the child's best interests.

The mother briefly argues termination of her rights would end the bond the child has with older siblings. First, neither of the child's older siblings is in the mother's care, with one in a guardianship and the other in his father's custody. Second, the child's foster family is a close relation to the custodial father of one sibling. Third, the legislature recently took steps to address this concern and has instructed the department to take steps "to facilitate frequent visitation or ongoing interaction between the child and siblings." Iowa Code § 232.108(6). The child's

sibling bonds are sufficiently separated from the mother's rights and safeguarded that they do not affect our best-interests analysis.

Finally, the mother asserts the court should have applied an exception to termination under section 232.116(3). The exception urged by the mother requires "clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." *Id.* § 232.116(3)(c). "[O]ur consideration must center on whether the child will be disadvantaged by termination, and whether the disadvantage overcomes [the parent]'s inability to provide for [the child]'s developing needs." *In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010). While the mother and child have a bond, the child has spent much of his life in the care of the foster family due to the mother's substance abuse. The mother has not established any detriment or disadvantage outweighing the concerns based on her substance-abuse. We do not find termination would be detrimental to the child based solely on the parent-child bond and decline to apply the permissive exception.

**AFFIRMED.**